**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6200**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　v.

DAMON GERARD DICKERSON,

　　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:09-cr-00402-CCB-1; 1:17-cv-03512-CCB)

Submitted:  May 17, 2018　　　　　　　　　　　Decided:  May 25, 2018

Before DUNCAN, DIAZ, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Damon Gerard Dickerson, Appellant Pro Se.  Judson T. Mihok, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Gerard Dickerson seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for relief from the court's prior judgment denying his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012) petition. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

We have independently reviewed the record and conclude that Dickerson has not made the requisite showing. The district court lacked jurisdiction to deny Dickerson's Rule 60(b) motion on the merits because the claims he raised challenged the validity of his federal conviction, and thus the motion should have been construed as a successive 28 U.S.C. § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of prefiling authorization from this court, the district court lacked

jurisdiction to entertain Dickerson's successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*